116 F.3d 480
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Neal S. ALEXANDER, Appellant,
v.
UNIVERSITY OF ARKANSAS; University of Arkansas, Medical
Sciences; Ronald H. Winters, Ph.D., Dean in his Official
and Individual Capacity; William E. Kerstetter, Chairman,
Cytotechnology Department, in his Official and Individual
Capacity, Appellees.
 No. 96-3649.
 United States Court of Appeals, Eighth Circuit.
 Submitted: May 23, 1997.
Filed: June 18, 1997.
 
 Appeal from the United States District Court for the Eastern District of Arkansas.
 Before BEAM, Circuit Judge, HENLEY, Senior Circuit Judge and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Neal Alexander appeals from the district court's[1] decision dismissing his 42 U.S.C. § 1983 and breach of contract actions. We affirm.
 
 
 2
 Alexander, a cytotechnology student at the University of Arkansas School of Medical Sciences (UASMS), brought this action under 42 U.S.C. § 1983 against the University of Arkansas (UA) and UASMS, alleging those entities violated his constitutional rights in setting arbitrary and capricious requirements for the completion of his degree. He sought injunctive relief requiring defendants to issue him a degree in cytotechnology. Alexander also brought a breach of contract action against Ronald Winters, the Dean of UASMS, and William Kerstetter, Chairman of the UASMS Cytotechnology Department, alleging they entered into and then breached a contract with plaintiff setting forth his degree completion criteria.
 
 
 3
 The district court dismissed the action against UA and UASMS, finding those entities, as arms of the state of Arkansas, were entitled to Eleventh Amendment immunity from suit in federal court. The court then dismissed the breach of contract action, finding that the state was the real party in interest for Eleventh Amendment purposes and, thus, Alexander had failed to state a claim upon which relief could be granted against Winters and Kerstetter. Having reviewed the parties' briefs and submissions, we are convinced that the district court's ruling was correct in all respects. Accordingly, we affirm. See 8th Cir. R. 47B.
 
 
 4
 A true copy.
 
 
 
 [1]
 The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas